IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| KENN HINTON,<br><br>    Plaintiff,<br><br>    v.<br><br>NAKED JUICE COMPANY *et al.*,<br><br>    Defendants. | Civil Action No. 8:11-cv-03740-AW |

**MEMORANDUM OPINION**

Pro se Plaintiff Kenn Hinton brings this action against Defendants Naked Juice Company and PepsiCo, Inc. Plaintiff's Complaint sounds in products liability. Pending before the Court are Defendants' Motion to Dismiss and Plaintiff's Motion to Remand. The Court has reviewed the record and deems no hearing necessary. For the reasons articulated herein, the Court **GRANTS** Defendants' Motion to Dismiss and **DENIES** Plaintiff's Motion to Remand.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

According to his Complaint, Plaintiff is a Maryland domiciliary. Compl. ¶ 1, Doc. No. 2. Plaintiff alleges that Defendant Naked Juice Company is a beverage company that is both located and "conducts its business" in California. Plaintiff further alleges that Defendant PepsiCo, Inc. is "headquartered" in New York.

One court has pegged Plaintiff as a "frequent flyer in the United States judicial system." *Hinton v. BP Am.*, Inc., Nos. 1:10cv754 (JCC), 1:10cv851 (JCC), 1:10cv852 (JCC), 2010 WL 3396825, at *1 & n.1 (E.D. Va. Aug. 25, 2010). For "Plaintiff ha[s] filed at least forty-three other federal civil lawsuits, all of which were dismissed, including at least fourteen [of] which were

1

dismissed as frivolous or by orders indicating that any appeal would be considered in bad faith." *Id.* at *1 n.1.

On November 7, 2011, Plaintiff filed a Complaint in the Circuit Court for Prince George's County, Maryland. Compl., Doc. No. 2. The gravamen of the Complaint is that Defendants allegedly labeled various beverage products as "Non-GMO" and "natural" even though they were genetically modified and used synthetic ingredients. *See* Compl. ¶¶ 8–12, Doc. No. 2. The Complaint sets forth several causes of action, including claims for civil conspiracy to defraud, fraudulent misrepresentation, strict liability, and violation of a state consumer protection statute. Compl. 1, Doc. No. 2. Plaintiff seeks damages in the amount of $100,000. Compl. ¶ 54, Doc. No. 2.

In late December 2011, Defendants filed a Notice of Removal. Notice Remov., Doc. No. 1. The Notice of Removal states diversity as the basis for federal jurisdiction. *See* Notice Remov. ¶¶ 3–7, Doc. No. 1. Defendants answered and the Court issued a Scheduling Order. *See* Doc. Nos. 8–9, 11.

On January 19, 2012, Defendants filed a Motion to Dismiss or, in the Alternative, Motion to Transfer Venue (Motion to Dismiss). Mot. Dismiss, Doc. No. 12. In this Motion, Defendants urge the Court to dismiss the action under the first-to-file rule or, alternatively, to transfer the case to the Central District of California on convenience grounds. Defendants note that five putative class action lawsuits are pending against Defendants in the United States District Court for the Central District of California. Mem. Supp. Mot. Dismiss 6, Doc. No. 12-1. Defendants further note that all five of the California cases are at once related and pending before Judge John A. Kronstadt. Defendants add that (1) three of the five cases were filed before Plaintiff filed his Complaint in state court, (2) one of the remaining two was filed on the same day as Plaintiff filed

his Complaint in state court, and (3) the remaining case was filed before Defendant removed the instant action. *See* Mem. Supp. Mot. Dismiss 6–7, Doc. No. 12-1.

Plaintiff failed to file a response to Defendants' Motion to Dismiss. Then, curiously, Plaintiff filed a Motion to Remand. Mot. Remand, Doc. No. 15. In his Motion to Remand, Plaintiff argues that Defendants improperly removed the case because his Complaint asserts only state law claims.

## II.     LEGAL ANALYSIS

### A.     Motion to Dismiss

#### 1.     *First-to-File Rule*

When multiple suits are filed in different federal courts involving the same factual issues, courts usually permit the first-filed action to proceed to the exclusion of the subsequently filed suit. *See, e.g.*, *Allied-Gen. Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n.1 (4th Cir. 1982) (citing *Carbide & Carbon Chems. Corp. v. U.S. Indus. Chems., Inc.*, 140 F.2d 47, 49 (4th Cir. 1944)). Dismissal is proper where the moving party makes "a showing of substantial similarity." *Fisher v. Rite Aid Corp.*, Civil Action No. RDB-09-1909, 2010 WL 2332101, at *2 (D. Md. June 8, 2010) (citations omitted).

Defendants have satisfactorily shown that the instant action is substantially similar to the California putative class actions.  First, the parties in this action are virtually identical to the parties in the California actions. The California actions were brought against the same two Defendants. Furthermore, the California actions were brought on behalf of a class of consumers that, according to his Complaint, includes Plaintiff (i.e. consumers who have purchased the allegedly deceptively labeled beverage products). Second, the theories asserted in this case are essentially the same as those at issue in the California actions. Indeed, even the specific

ingredients Plaintiff alleges to be synthetic have been challenged in the California actions. Finally, the causes of action Plaintiff asserts considerably overlap with those that have been asserted in the California cases. Accordingly, the Court dismisses the action as duplicative under the first-to-file rule.

      2.     *Venue Transfer*

The Court would transfer this case to the Central District of California even if dismissal under the first-to-file rule were improper. The federal change of venue statute provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). In determining whether transfer is warranted, courts consider the following factors: (1) whether the transferee court is one in which the action could have been brought initially; (2) whether transfer is convenient to the parties and witnesses; and (3) whether the transfer is in the interest of justice. *Dow v. Jones*, 232 F. Supp. 2d 491, 499 (D. Md. 2002) (citation omitted). These factors counsel in favor of transferring the case to the Central District of California.

As for factor one, Plaintiff could have brought the action in the Central District of California because jurisdiction and venue would be proper there. Jurisdiction would be proper because there is complete diversity between the parties and the amount-in-controversy is met. Venue would be proper because Defendant PepsiCo, Inc., though headquartered in New York, has sufficient minimum contacts with said district to justify subjecting it to personal jurisdiction there. *See* 28 U.S.C.§ 1391(b)(3). Regarding factor two, proceeding in the Central District of California would be more convenient for the parties and witnesses because five substantially

similar cases are already pending there. And while Plaintiff alleges[1] he is a Maryland resident, Plaintiff has repeatedly filed cases in out-of-state courts, including at least one in California. *Hinton v. Groupon*, *Inc.*, No. 11-cv-02674 (S.D. Cal. 2011); *see also* Mem. Supp. Mot. Dismiss 7, Doc. No. 12-1. Apropos of the third factor, transfer serves the ends of justice for all the reasons stated above. Accordingly, even if dismissal under the first-to-file rule were improper, the Court would still transfer the case to California.

**B.      Motion to Remand**

Plaintiff's Motion to Remand is frivolous. He bases it on the blind assertion that Defendants removed the case on the ground of federal question jurisdiction. This assertion is patently inaccurate. As explained above, Defendants removed the case for diversity jurisdiction reasons. Therefore, the Court denies Plaintiff's Motion to Remand.

**III.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss and **DENIES** Plaintiff's Motion to Remand. A separate Order closing the case will follow.

|  April 27, 2012  |        /s/         |
|------------------|--------------------|
|       Date       | Alexander Williams, Jr. |
|                  | United States District Judge |

---

[1] Although the Court accepts Plaintiff's allegation that he is a Maryland resident as true, since 2010, Plaintiff has filed more than one action in which he has claimed to reside in Virginia, along with an action in which he claimed to reside in Alabama. *Hinton*, 2010 WL 3396825, at *2.